FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

2007 AUG 20  PM 12: 58

MIDDLE
CENTRAL FLORIDA

Tom Bagnall
10423 Bradford St.
Spring Hill, FL 34608

And

Susan Bagnall
10423 Bradford Street
Spring Hill, FL 34608

      Plaintiffs,

v.

Academy Collection Service, Inc.
c/o Keith Dickstein, President
10965 Decatur Road
Philadelphia, PA 19154

      Defendant.

CASE NO.: 8:07-cv-01476-T-24(mAP)

JUDGE:

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT,
INVASION OF PRIVACY,
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections

Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because

this is the judicial district where all of the events giving rise to the cause of action

took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiffs are persons who incurred a consumer debt primarily for personal,

family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3).



6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. Defendant has engaged in horrendous debt collection techniques.

10. On or around March 19, 2007, Defendant contacted Plaintiffs' 78 year old mother via telephone and disclosed the existence of a debt.

11. On or around March 19, 2007, Defendant contacted Plaintiffs via telephone and accused Plaintiffs of being thieves.

12. On or around March 20, 2007, Defendant contacted Plaintiffs via telephone, threatened that a final decision had to be rendered, and that avoiding the situation would not make it go away.

13. On or around March 21, 2007, Defendant contacted Plaintiffs and left a voice mail on Plaintiffs' answering machine.

14. During the communication referenced directly above, Defendant failed to disclose that Defendant was a debt collector.

15. On or around March 21, 2007, Defendant contacted Plaintiffs' mother on two occasions, each time leaving a message on her answering machine instructing Plaintiffs to return Defendant's call.

16. On or around March 22, 2007, Defendant contacted Plaintiffs and again threatened that a final decision had to be rendered by 5:00pm.

17. On or around March 22, 2007, Defendant contacted Plaintiffs' mother and left a message on her answering machine instructing Plaintiffs to return Defendant's call.

18. On or around March 24, 2007, during a communication regarding Plaintiffs' debt, Plaintiff Tom Bagnall begged Defendant to cease the harassment and Defendant denied that anything illegal or harassing was taking place.

19. On or around March 26, 2007, Defendant contacted Plaintiffs' mother and demanded that Plaintiffs' mother have Plaintiffs return Defendant's call.

20. On or around March 26, 2007, Defendant contacted Plaintiffs via telephone.

21. On or around March 27, 2007, Defendant contacted Plaintiffs via telephone.

22. On or around March 28, 2007, Defendant contacted Plaintiffs via telephone.

23. On or around March 29, 2007, Defendant contacted Plaintiffs via telephone.

24. On or around March 30, 2007, Defendant contacted Plaintiffs via telephone.

25. On or around April 2, 2007, Defendant contacted Plaintiffs via telephone.

26. On or around April 3, 2007, Defendant contacted Plaintiffs via telephone.

27. On or around April 4, 2007, Defendant contacted Plaintiffs via telephone.

28. On or around April 5, 2007, Defendant contacted Plaintiffs via telephone and immediately hung up.

29. On or around April 5, 2007, Defendant contacted Plaintiffs' teenage son via telephone and disclosed the existence and amount of the debt.

30. On April 6, 2007, Plaintiffs were celebrating Good Friday, a religious holiday.

31. On April 6, 2007, Defendant contacted Plaintiffs via telephone.

32. During the communication referenced immediately above, Plaintiffs' requested that Defendant leave them alone for the day to respect their religious beliefs and Defendant replied that Defendant did not care about Plaintiffs' beliefs.

33. On or around April 9, 2007, Defendant contacted Plaintiffs via telephone.

34. On or around April 10, 2007, Defendant contacted Plaintiffs via telephone.

35. On or around April 11, 2007, Defendant contacted Plaintiffs via telephone and demanded immediate payment.

36. On or around April 13, 2007, Defendant contacted Plaintiffs via telephone.

37. On or around April 16, 2007, Defendant contacted Plaintiffs via telephone.

38. On or around April 16, 2007, Defendant contacted Plaintiffs and asked how Plaintiffs were unable to make a payment on the account, when they purchased a home the previous year.

39. Plaintiffs are emotionally distraught and have been compelled to hire counsel to prosecute this action.

40. Defendant has damaged Plaintiffs emotionally and mentally and has caused substantial anxiety and stress.

41. Plaintiffs have seen the health of their mother decline as a direct result of Defendant's conduct.

42. Defendant Violated the FDCPA.

### COUNT ONE

**Violation of the Fair Debt Collections Practices Act**

43. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

### COUNT TWO

**Violation of the Fair Debt Collections Practices Act**

45. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

47. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

49. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

50. The Defendant violated 15 U.S.C. §1692e(4) in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

51. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

52. The Defendant violated 15 U.S.C. §1692e(5) in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

53. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

54. The Defendant violated 15 U.S.C. §1692e in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

55. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

56. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

57. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

58. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiffs.

59. Defendant intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

60. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

61. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

63. Plaintiffs pray for the following relief:

- a.  Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

- b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion Upon Seclusion

- c.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:_____

Eric A. Morgan
Bar # 0021895
Attorney for Plaintiff
100 E. Pine Street Suite 301
Orlando, FL 32801
Telephone:  866-339-1156
Email:  eam@legalhelpers.com